CLERK, U.S. DISTRICT COURT

**MAR 21 2022**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____RS_____ DEPUTY

1  Thomas Bodnar

2  #2492-7

3  PO Box 5003

4  Coalinga, CA 93210

5

6  In Pro Per:

7

8  ## United States District Court

9  _____Central_____ **District of California**

10

11  Thomas Bodnar )          Case No.: **5:22-CV-00511-DSF-PLA**

12          Plaintiff )

13                  )          Civil Rights Complaint 42 U.S.C. §1983

14     Vs.          )                  (Non-Prisoner)

15                  )

16  County of Riverside )          Demand For Trial

17  Sheriff Department )
    Defendants

18                  )

19

20

21

22

23

24

25

26

27

28

Complaint, 42 USC §1983 County Jail.doc

# I. **Exhaustion:**

The enactment of the PLRA in 1996 imposed two filing requirements: Filing fees, 28 U.S.C §1915 and exhaustion of administrative remedies, 42 U.S.C § 1997(e). Both state for "prisoners", that the definition of "prisoner" for the purposes of these provisions of the PLRA is explicit. As used in 28 U.S.C §1915, the term "prisoner" mean any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program. In 42 U.S.C § 1997(e) identical language is used. The Sexually Violent Predation Act ("SVPA") provides not for criminal sanctions (Cal Welf. & Inst. Code §6600), but for the civil commitment of an individual. The Ninth Circuit in Page v Torrey 201 F.3d 1136; holds these two PLRA requirements do not apply to civil commitment or detainees.

# II. **Premise**

This complaint is in part based on the findings of the Ninth Circuit Court in two cases. Jones v Blanas, 393 F.3d 918 (2004) and King v County of Los Angeles (9th. Cir. 2018) 885 F.3d 548. These cases set the foundation on the conditions of confinement Civil Detainees (SVPA) are to receive in county jails.

# III. **Parties**

1) Plaintiff, Thomas Bodnar _____ who resides at Coalinga State Hospital in Coalinga California, alleges that his civil rights were violated by the action(s) of the below named and or identified entities and individuals. The actions are ~~were~~ directed towards this plaintiff while awaiting

1   further proceedings under California's SVPA, who
2   being temporarily detained at Coalinga State Hospital,
3   but in now in the process of being returned to the
4   custody of Riverside County Sheriff's Department. Plain-
5   tiff will be a civil detainee and his return to the
6   county jail will be the completion of his SVPA procee-
7   dings.
8
9   Defendant
10
11   County of Riverside in its offical capacity, residing at
12   4080 Lemon St, First Floor, Riverside, CA 92501 is at all
13   times relevant herein, the municipality responsible for
14   the policies given rise to and subjecting Plaintiff to, is
15   the moving force behind the harms and or injuries
16   alleged by the Plaintiff. Furthermore, the County by way of
17   the Sheriff's Department is the primary causation of the harm
18   to the Plaintiff as its official policies, customs, practices,
19   training and/or the lack thereof are the cause of harm
20   and risk of future harm as stated herein, which is
21   causing the constitutional violation complained of herein,
22   resulting in violation of Plaintiff's right of due process
23   and Eighth Amendment standards, both under the
24   Fourteenth Amendment of the U.S. Constitution.
25   ///
26   ///
27   ///
28

Supporting Facts:

2  Background Information:

4  The following is background information only and is
5  not part of the cause of action for damages in this
6  complaint. This information supports the Plaintiff's claims
7  he will be subjected to harm when he is returned back
8  to the Defendant's custody to finish the SVP proceedings
9  all ready started.

11  Plaintiff was booked into the county jail as a civil
12  detainee to start court proceedings under the SVPA in
13  July 2017.

15  The first court proceeding was a probable cause hear-
16  ing under Cal. Welfare & Institution Code ("WIC") §6602.
17  At the end of the probable cause hearing, if probable
18  cause is found, a commitment trial under WIC §
19  6604 is set.

21  On May 8, 2018 at one of the SVP court proceedings,
22  a representative of the Defendant, County Counsel Kelly
23  Miranda, a non-party, presented an oral motion to the
24  court to have the Plaintiff transfered up to Coalinga
25  State Hospital temporarily until his trial. The Defendant
26  had been served a 1983 claim by this Plaintiff on
27  ///

1  Supporting Facts:

2  conditions of confinement. The Defendant wanted the

3  Plaintiff out of the jail because the suit requested changes

4  the ~~Plainti~~ Defendant did not want to make. This was

5  their temporarily solution at the time. The court denied

6  Counsel Miranda's request, stating the court had no

7  authority until probable cause is found.

8

9  In July of 2018, probable cause was found. Plaintiff's

10  case was order to trial. The court ordered Plaintiff

11  to be transfered to Coalinga State Hospital temper-

12  arily until trial, when Plaintiff must be returned

13  to the county jail for that trial.

14

15  Currently Plaintiff's SVPA proceedings is being pushed to

16  trial now. The District Attorney has announced ready

17  and is objecting to any more continuances. Plaintiff's

18  attorney is preparing a defense, requesting more time. The

19  court is now requiring good cause for continuances,

20  and will not let the case trial out to far now.

21

22  This complaint is not seeking relief from anything

23  prior to the filing date of this complaint. That as

24  stated is only background information in support

25  of what Plaintiff is being subjected to moving forward.

26  As the Plaintiff claim for relief is based on the last

27  ///

28

Supporting Facts:

element, being in the county jail for his SVPA trial proceedings.

Facts:

Plaintiff's civil proceedings under the SVPA has not been completed. The upcoming trial under WIC §6604 is now pending and the final proceeding in WIC §§6600-6604.

In Plaintiff's SVPA proceeding, Trial Readiness Conferences are being set to a trial date.

As the Defendant had the Plaintiff temporarily removed from the county jail to Coalinga State Hospital ("CSH"), a choice the Defendant made to not deal with the Plaintiff in the many demands he continuously requested to bring the conditions of confinement standards up to those stated in Klrg and Jones. The Defendant has knowingly and with deliberate choice, has choosing and still continues to choose, not to bring the standards of conditions of confinement for SVP civil detainees up to constitutional standards.

As the Plaintiff is now being returned to the county

///

Supporting Facts:

1  jail constitutional right violations are now eminent as cond-
2  itions have not been abated. This subjects the Plaintiff to
3  deprivation of rights in the last element of causation.

4  Currently, they Defendant continues to use colored clothing
5  that specifically identifies the individual as a SUP.
6  This puts Plaintiff's life at risk of harm. The
7  criminal inmates and a few deputies, see the colors,
8  know the individual is an SVP, then proceed to harrass,
9  assault and ridicule the individual. Plaintiff, wearing
10 the same colored clothing as a SUP civil detainee, has
11 suffered this in the past. The clothing policy being the
12 same puts Plaintiff's life as risk of harm when he is
13 rehoused back in the county jail.

14 Defendant has not permanently dedicated a specific
15 housing unit for SVP civil detainees as required by
16 Cal. Penal Codes §§ 4001-4002 (a). The Defendant keeps
17 bouncing SVPs around to different housing units
18 and jails. This does not allow policy changes to be
19 permanently made, that gives SUPs the conditions of
20 confinement they are entitled to. Nor does it help
21 in the training of deputies on how to treat SVP civil
22 detainees and the more considerate conditions they are
23 entitled to.
24 ///

Supporting Facts:

The Defendant has returned policies and practices that currently treat SVP civil detainees in a more restrictive way. Specifically, cross-chaining SVP civil detainees. This is handcuffing the right hand to the left side of the waist chain restraints and the left hand to the right side of the waist chain. Also, leaving the restraints on while the SVP is in holding cells for hours. Something the general population criminals do not have to endure. Policies and practices that were previously removed.

The Defendant has currently reversed policies and practices that previously gave SVP civil detainees more considerate conditions of confinement such as; extended dayroom hours, giving more phone and shower times; extra clothes; extra mattress; extra blankets; ability to wear personal shoes or the jails orange slip-on shoes; extra recreation and visiting times; and proper cleaning equipment to clean living areas. This leaves conditions of confinement at best only similar to the criminal counterparts.

The Defendant has constantly housed SVPs civil detainees in different housing units. Sometimes dorms, cells or criminal administration segregation units. This ///

Supporting Facts:

causes a constant change in conditions of confinement that are more restrictive or at best similar to the criminal counterparts. Moreover, as SVPs are in these different housing units, Policies and practices on conditions of confident reflect what the criminals in like units receive and are not the more considerate conditions.

The Defendant deliberately makes choices in respects to conditions for SVPs to criminal detainees in favor of the criminals. Example, Defendant chooses to house criminal in a unit that gives them a recreation yard with grass, complete fresh air and the ability to see the environment from all sides looking through a fence. Whereas, SVPs are in units that have concrete walls and roofs for the recreation yard.

The Defendant has been put on notice that conditions of confinement they have for SVPs are below the standards in Jones and King. Defendant has had several law-suits filed against them in this District over the last few years based on the same cause of actions. Some of the law-suits requested injunction for changes on condition of confinement for SVPs. The Defendant in

///

1   <u>Supporting Facts:</u>
2   each of these, Choose to settle the suits without any
3   changes made. Defendant stated, they will not consider
4   the injunctions. They are off the table. Therefore, the
5   Defendant is aware of these constitutional right violations,
6   but has repeatedly choose not to abate these rights
7   that puts this Plaintiff at a risk of harm or injury.
8
9   As the Plaintiff now will be returning from his tempor-
10  arily housing at CSH to complete the already started
11  civil process. This would be the last element of the
12  causation.
13  ///
14  ///
15  ///
16
17
18
19
20
21
22
23
24
25
26
27
28

Cause of Actions

Cause One:

Plaintiff re-alleges the allegations contained in pages inclusive to this complaint.

As a direct result, Defendant, County of Riverside is liable for the actions and inactions for failure to implement permanent policies and practices that gives SVP civil detainees more considerate conditions of confinement than criminal counterparts. Currently the policies and practices subject the Plaintiff to a risk of harm, injury and repeated constitutional right violations upon the now inevitable return to the county jail. Defendant has deliberately made choices not to abate the issues. These all are the moving force of violations of the Fourteenth Amendment, And Eighth Amendment Standards of the Fourteenth Amendment of the U.S. Constitution.

///
///
///

## Requests For Injunctions

The requests for injunctions are either policies and practices that have been reversed or are new requested changes. All will make conditions of confinement more considerate than the criminal counterparts.

1) SVP civil detainees never be housed in an Administrative segregation unit, to where the conditions of confinement does not follow Cal. ~~Regulations~~ Code of Regulations, Title 15, Div. 3, § 1053, unless disciplinary reason would require a short stay.

2) SVP civil detainees have their own distinct housing unit that is permanent and in compliance with Cal. Penal Codes § 4001 and § 4002(a).

3) SVP civil detainee housing unit is to have more or longer dayroom times, meaning opening earlier and closing later, all day and evening. No matter is the housing unit is a dorm or cells. This being a permanent policy.

4) SVP civil detainees be allowed to have extra mattress, extra blankets, cotton blankets, a pillow, extra clothes and wear personal shoes or be given the jails orange
///

1  jail shoes. This being a permanent policy.

2

3  5) SUP civil detainees be allowed to have exercise

4  equipment in their housing unit, such as an

5  elliptical or universal weight machine.

6

7  6) SUP civil detainees be allowed to make and receive

8  confidential phone calls, to be able to call toll free

9  phone numbers. This allows the use of calling cards

10  or other phone services. This is available current

11  at Coalinga State Hospital for SUP civil detainees.

12  (Confidential communicate is a right found in Cal.

13  Code of Reg. & Title 9 and Cal. Penal Code § 5325 and

14  § 5325.1

15

16  7) SUP civil detainees be able to send confidential

17  letters and receive confidential letters. At

18  Coalinga incoming mail is opened in front of

19  the patient, checked for contraband and not

20  read. Out going mail, the patient shows the

21  contents of the mail to staff, patient then places

22  it in the envelope, seals it and hands the envelope

23  to staff to go out. (Again pursuant to patient rights.)

24

25  8) SUP civil detainees be able to receive packages from

26  of the package companies the state prison system

27  11/

28                                                    Page 13 of 18

and Coalinga State Hospital authorizes packages to come from. Limit what can be order to food, drink, cosmetics and writing materials.

9) SVP civil detainees in their housing unit be allowed to have a microwave.

10) SVP civil detainees be allowed to have a small AM/FM Radio and batteries, op. ones already approved in state prisons and at Coalinga State Hospital, ordered from packaged companies.

11) SVP civil detainees be allowed to have tablets, supplied by the Defendant that allows sending emails, receiving emails confidentially, video chat with family and friends, download music and ebooks. Many county jails have this for the criminals and Cal. State Prison System is giving all prisoners tablets to be able to do this.

12) The permanent housing unit for SVP be, section A, or BCF of Building 8 at Smith Correctional facility. This gives a grass recreation yard and a housing unit that would accommodate all the injunctions.

///
///
///

13) SVP civil detainees receive more scheduled recreation and visiting time. And not be based on staff availability. This only allows them to decline the extra time. This does not include when the facility is on a lockdown.

14) SVP civil detainees are to permanent by policy, not be cross-chained whenever they are moved or transported any where.

15) SVP civil detainees are to no longer be handcuffed and escorted by two deputies when moved within the facility. Instead, they will be required to have their hands behind their backs and escorted by only deputies, just as the criminals are.

16) SVP civil detainee housing unit be able to receive local TV channels.

17) SVP civil detainee housing unit windows be to where one can see the environment and have nothing painted or apply to the window that blocks or distorts the view.

18) SVP civil detainee housing unit have no cameras.

///

19) Defendant's policies relating to SVP civil det-
ainees follow the following statutory and admi-
nistrative laws, Cal. Code of Reg. Title 9, §§ 880-
886, § 887.25, § 887.26 and § 865.2 and Cal. Welfare
& Institution Code §§ 5325 and 5325.1, As this
Plaintiff has been evaluated and started treat-
ment.

20) SVP civil detainees be allowed contact visits,
Especially after new AB 990 Bill that prohibits
contact visits for prisoners.

(21) Defendant follow decisional laws that state for
civil detainees, implementing regulations based on
deterrence or retribution cannot be used. Regulations
based on these two objectives are for those under
the criminal process, to whom punishment can
be applied. See People v Boyle (2008) 164 Cal. App
4th 1266; People v Robinson (1998) 63 Cal. App. 4th
348; People v Green (2006) 135 Cal. App. 4th 1315;
Mauro v Arpaio (9th cir. 1999) 188 F.3d 1054 and
Benjamin v Fraiser (2nd cir. 2001) 364 F.3d 123
///
///
///

## Verification

I have stated the contents herein of this foregoing document to be true of my own knowledge, or as I understand them to be at the present time, except as to those matter which are stated of information or belief.

I declare under penalty of perjury under Federal laws that the foregoing is true and correct.

Executed on March 15, 2022            Thomas Bodner

Plaintiff

## Request For Relief

I the Plaintiff believe and request I am entitled to the following specific reliefs:

(1) Award damages in the amount of $25,000

(2) Award Injunction Relief as stated herein.

(3) Allow amendment as the court deems fit.

(4) Allow appointment of counsel when the court deem appropriate.

(5) Award any other relief the court deems appropriate to protect constitutional rights

1   as stated herein.

2

3   Date: March 15, 2022                    Thomas Bachar

4                                              Plaintiff

5

6              Demand For Trial By Judge

7

8   Plaintiff hereby requests a trial by Judge due to

9   the potential inflammatory and prejudical facts

10  that may arise in trial.

11

12  Date: March 15, 2022                    Thomas Bachar

13                                              Plaintiff

14  ///

15  ///

16  ///

17

18

19

20

21

22

23

24

25

26

27

28                                        Page 18 of 18

Thomas Bodnar
2492
PO Box 5003
Coalinga, CA 93210

U S D?
Attn: Pro
312 N. 5
Los Ang

Santa Clarita P&DC 01-91383
THU 17 MAR 2022 PM

CENTRAL DISTRICT OF CALIFORNIA
BY
DEPUTY
MAR 2 1 2022
RECEIVED
CLERK, U.S. DISTRICT COURT

RECEIVED
CLERK, U.S. DISTRICT COURT
MAR 2 1 2022
CENTRAL DISTRICT OF CALIFORNIA
BY
DEPUTY

strict Court

Per Filing

pring St. Rm G-8

les, CA 90012